Steven M. Johnson, Esq.
CHURCH, HARRIS, JOHNSON & WILLIAMS, P.C.
21 Third Street North, 3rd Floor
P. O. Box 1645
Great Falls, Montana 59403-1645
Telephone:  (406) 761-3000
Facsimile:  (406) 453-2313
E-mail:  sjohnson@chjw.com
State Bar Number:  1835

Attorneys for Plaintiff and Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re: ) | Case No.  12-60679 |
| ) | |
| HAVRE AERIE #166 EAGLES, ) | |
| ) | |
| Debtor. ) | |
| _____ | |
| HAVRE AERIE #166 EAGLES, ) | |
| ) | Adversary Proceeding No. _____ |
| Plaintiff, ) | |
| v. ) | COMPLAINT TO SET ASIDE |
| ) | PREFERENTIAL TRANSFER |
| KAYCEE GROVEN, ) | AND TO DETERMINE |
| ) | SECURED STATUS OF |
| ) | DEFENDANT'S CLAIM |
| Defendant. ) | |

_____

The Plaintiff, the Chapter 11 Debtor-in-possession in the above-captioned case, alleges the following:

1. This adversary proceeding is brought pursuant to Rule 7001(2), and (9), and 11 U.S.C. §§506(a)(1) and 547(b).

2. Plaintiff is the debtor in possession in this case.

3. This Court has jurisdiction under 11 U.S.C.A. §§ 506(a)(1); 547 and 550

332900.1                                           1

and 28 U.S.C. §§ 1334 and 157. This adversary proceeding is a core proceeding, under 28 U.S.C. §§ 157(b)(2)(A), (B), (F) and (K), arising under Title 11, U.S.C., and arising in the above-referenced case under Chapter 11, of the Bankruptcy Code, now pending in this Court.

## COUNT I: Claim to Avoid Preferential Transfer

4. Plaintiff incorporates the averments of Paragraphs 1 through 3 of this Complaint as if fully set for herein.

5. Within 90 days before the filing of the petition in this case the Defendant obtained a state court judgment on an otherwise unsecured debt for the sum of $290,780.75, which gave rise to a statutory judgment lien under Montana Code Annotated, § 25-9-301(2) against the Plaintiff/ Debtor's real property that constitutes the club house of the Plaintiff, Havre Aerie #166 Eagles, a not- for- profit corporation organized under Montana law. That real estate is located at 202 First Street in Havre, Montana, which real estate is more particularly described as :

> Lots 6, 7, 8, and 9, Block 8, Original Townsite of Havre, Montana, according to the official plat thereof on file and of record in the office of the Clerk and Recorder of Havre, Hill County, Montana.

6. On April 19, 2012, the Montana Twelfth Judicial District Court, Hill County, entered a judgment in favor of Defendant and against the Plaintiff/ Debtor, in the amount of $290,780.75. Plaintiff/ Debtor, Havre Aerie #166 Eagles, filed its Chapter 11 case, eight days later on April 27, 2012. The judgment lien which arose by entry of the judgment was an avoidable preferential transfer of a lien to Defendant within the reach-back period of §547(b).

7. The transfer was made for or on account of an antecedent debt owed by

the debtor before such transfer was made.

8. The transfer was made while the debtor was insolvent.

9. The transfer enabled the Defendant to receive more than the Defendant would have received if the transfer had not been made and if Defendant received payment of such debt to the extent provided by Chapter 7 of the Bankruptcy Code by providing the Defendant with a lien to secure a previous unsecured debt.

### COUNT II: Claim to Determine Extent of Lien

10. Plaintiff incorporates the averments of Paragraphs 1 through 9 of this Complaint as if fully set for herein.

11. Plaintiff's aforementioned real property has a fair market value of $64,000, and is encumbered by a first priority real estate mortgage in favor of Independence Bank which secures a promissory note in favor of Independence Bank with an outstanding balance of approximately $105,594.66 as of the date of the Plaintiff/Debtor's filing of its Chapter 11 case . See Claim No. 1 in Claim Register, filed by Independence Bank.  The Bank's claim secured by a first priority mortgage lien against the property is undersecured.

12. The judgment lien that arose by entry of the Defendant's judgment against Plaintiff is a second priority lien and is junior to he mortgage lien securing the claim of Independence Bank.  By reason of the fact that the fair market value of the value is insufficient to fully secure the claim of Independence Bank, the claim of and the judgment entered in favor of Defendant is wholly unsecured, and Defendant's judgment lien is worthless.

13. The claim of Defendant should be declared as wholly unsecured.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) Setting aside and avoiding the involuntary statutory judgment lien held by Defendant against the aforementioned real property of Plaintiff as a preferential transfer;

(b) Holding and determining that Defendant's claim against the Plaintiff/ Debtor in the amount of the Defendant's judgment is wholly unsecured;

( c) Holding and determining that Defendant has no valid and no enforceable security interest in any property of the Plaintiff/ Debtor;

(d) Ordering that Defendant's judgment lien be and is terminated and released of record;

(e) For Plaintiff's costs; and

(f) For such other and additional relief as may be just and equitable in the premises.

Dated this 14th day of June, 2012.

CHURCH, HARRIS, JOHNSON & WILLIAMS

BY: /s/ Steven M. Johnson
Steven M. Johnson, Attorneys for Plaintiff